FILED
CLERK
4/28/2016 2:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOROTHY GRECO, on behalf of herself and all
others similarly situated,

                      Plaintiff,

       -against-

ALLEN NATOW, M.D., IRENE ROSENBERG M.D.,
& IRA PION M.D., P.C., et al.,

                     Defendants.
-------------------------------------------------------------------X

**ORDER**
14-CV-4222 (SJF) (AYS)

FEUERSTEIN, District Judge:

      Plaintiff Dorothy Greco ("plaintiff") commenced this action on behalf of herself and all others similarly situated, seeking unpaid overtime compensation from defendants pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.* and New York Labor Law. By Order dated March 31, 2016, this Court directed plaintiff to show cause why her action should not be dismissed based upon her acceptance of defendants' offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. *See* Order of 3/31/16, Docket Entry ("DE") [56]. Plaintiff timely complied with that order.

      In her affidavit, plaintiff acknowledges that defendants made an offer of judgment, their second, to plaintiff on or about June 29, 2015, and that "[o]n or about July 10, 2015, my attorneys emailed Defendants' counsel, on my behalf, accepting the second offer of judgment." Affidavit of Dorothy Greco, ¶¶4-5, DE [59-1]. Plaintiff further states that she "no longer wish[es] to accept" the offer because it is her "position that any resolution of the case should include complete relief for myself and the opt-in plaintiffs as well." Greco Aff. ¶ 6. There is no indication when plaintiff decided to revoke her acceptance or how she communicated this decision to defendants. Rule 68 provides that upon acceptance, "either party may then file the

offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." FED.
R. CIV. P. 68(a). Neither party filed the offer and/or notice of acceptance, and as a result,
plaintiff argues that the Rule 68 offer and acceptance are voided.

Neither party has provided any case law regarding when, and under what circumstances,
a plaintiff may revoke her acceptance of a Rule 68 offer of judgment.[1] Generally, "[o]ffers of
judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles."
*Goodheart Clothing Co. v. Laura Goodman Enters., Inc.,* 962 F.2d 268, 272 (2d Cir. 1992).
Plaintiff suggests that the agreement was not binding because neither party completed the
process set forth in Rule 68. To the contrary, "the Rule 68 offer and Plaintiff's acceptance are
what constitute the binding agreement for Rule 68 purposes." *Haydenn v. City of New York,* No.
11-CV-1003, 2012 WL 4891566, at *2 (E.D.N.Y. Oct. 15, 2012). Plaintiff has offered no
legally sufficient reason to relieve her from the agreement. The only reason offered by plaintiff
for withdrawing her acceptance is the generic statement that "I no longer wish to accept it" based
on her belated interest in the potential recovery of her co-workers. She does not claim that there
was any mistake of fact or that she lacked capacity in some way to assent to the offer. *See, e.g.,
id.* at *2-3 (Rule 68 settlement enforced where no suggestion that the settlement "was not entered
into at arm's length" and no mistake of fact that would relieve plaintiff from the settlement); *Min
v. Target Stores,* 553 F. Supp. 2d 218, 222 (E.D.N.Y. 2008) (declining to enforce settlement
where question was raised about plaintiff's physical condition and her understanding of the
proceedings). "When a party makes a deliberate, strategic choice to settle, a court cannot relieve

---

[1] In support of her claim that the Rule 68 offer should be disregarded, Plaintiff cites one case, *Harris v. City of New York*, 2004 WL 1151728 (S.D.N.Y. May 24, 2004), that is distinguishable on the facts. In *Harris,* defendant eventually filed a judgment under Rule 68, but did so without notice to plaintiff and by filing papers that did not mirror the Rule 68 offer of judgment. The court ultimately granted plaintiff's motion to reopen the case because neither party had complied with Rule 68 by filing "the *actual* offer . . . together with notice of acceptance," and further noted that "judgment may be entered by the clerk based only on those documents." *Harris* at *1 (emphasis added). Here, no documents have yet been filed with the court.

[her] of that choice simply because [her] assessment of the consequences was incorrect." *Powell v. Omnicom,* 497 F.3d 124, 128 (2d Cir. 2007). Accordingly, the Rule 68 offer and acceptance remain a binding, enforceable agreement between the parties. Defendants shall comply with the filing requirements of Rule 68(a) no later than **May 6, 2016**.

Section 216(b) permits filing of an action to redress violations of the FLSA "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). It further provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*; *see Genesis Healthcare Corp. v. Symczyk,* -- U.S. --, 133 S. Ct. 1523, 1530, 185 L.Ed.2d 636 (2013) (noting that employees "become parties to a collective action only by filing written consent with the court"); *see also Anjum v. J.C. Penney Co.,* No. 13 CV 0460, 2014 WL 5090018, at *1 (E.D.N.Y. Oct. 9, 2014) (finding that when "new collective action plaintiffs join the lawsuit before entry of judgment, the case is not moot.") Although Greco is the sole named plaintiff on the docket, four other individuals have filed consents to join this lawsuit.[2] *See* Consent of Anabela F. Teixeira, DE [13], Consent of Lauren Marie Montemarano, DE [14], Consent of Yoscaira Ramirez, DE [24], Consent of Ybelize Ramirez, DE [25] (collectively, the "opt-in plaintiffs"). The Court deems the four opt-in plaintiffs to be party plaintiffs and orders the Clerk of the Court to add them to the docket as plaintiffs in this case.

Finally, a motion to conditionally certify an FLSA collective action has been filed, *see* DE [38], but not fully briefed. *See* DE [61]. Accordingly, the motion [38] is denied without

---

[2] An additional opt-in form filed in this case indicated consent to join a different lawsuit entitled *Desiree Ortiz v. Natow, Rosenberg and Pion, MD, PC, et al*. *See* DE [6].

prejudice to renewal for failure to comply with this Court's Rule 4E.  The fully briefed motion, shall be electronically filed no later than **June 6, 2016.**

SO ORDERED.                                  /s/                              .
                                                          Sandra J. Feuerstein
Dated: April 28, 2016                       United States District Judge
        Central Islip, New York